```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
FIRST MERCURY INSURANCE COMPANY
INC.,                                        MEMORANDUM & ORDER
                                             10-CV-4398 (JS)(AKT)
              Plaintiff,

       -against-

SCHNABEL ROOFING OF LONG ISLAND, INC.,
58 VLIMP, LLC, STEPHEN PHILLIPS,

              Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Michael J. DiSantis, Esq.
                    Wen-Shin Cheng, Esq.
                    Tressler LLP
                    233 Sx Wacker Drive, Suite 2200
                    Chicago, IL 60606

                    Barry T. Bassis, Esq.
                    Tressler, LLP
                    One Penn Plaza, Suite 4701
                    New York, NY 10119

For Defendants:     No appearances.
```

SEYBERT, District Judge:

Pending before the Court are Plaintiff's motions: (i) to correct the caption to name 58 VLIMP, LLC as a Defendant instead of VLMP, LLC; and (ii) for a default judgment against all Defendants, including 58 VLIMP, LLC. For the following reasons, Plaintiff's motions are GRANTED.

BACKGROUND

This is a declaratory judgment action brought by an insurer, Plaintiff First Mercury Insurance Company ("First

Mercury"), against its insured, Defendant Schnabel Roofing of Long Island, Inc. ("Scnabel"), asserting that First Mercury does not have a duty to defend or indemnify Schnabel in a pending state court proceeding. Defendants "VLMP, Inc." and Steven Phillips are nominal Defendants and necessary parties, because they are the claimants in the underlying suit against Schnabel.

DISCUSSION

I. Motion to Amend

First Mercury's motion to amend seeks to correct the caption to name 58 VLIMP, LLC as a Defendant instead of VLMP, LLC. First Mercury originally named VLMP, LLC as a Defendant because that supposed entity is the listed claimant in the state case. However, First Mercury since learned that this entity was incorrectly named in the state case, and is actually named 58 VLIMP, LLC. In this regard, First Mercury has secured an Affidavit from 58 VLIMP, LLC's state court attorney, Irving Like, attesting to the entity's proper name. Based on this information, the Court GRANTS First Mercury's motion to amend the caption.

Additionally, the fact that First Mercury innocently, but incorrectly, named the wrong entity does not delay or slow the default judgment motion. Attorney Like has sworn that his client, a nominal Defendant only, "was properly served with the summons and complaint," and does not "dispute[] that [it]

2

received proper notice and service of process in this action."[1] Consequently, the Court construes the default judgment motion as one brought against 58 VLIMP, LLC.

## II. Default Judgment Motion

### A. Applicable Standard

A default constitutes an admission of all well-pled factual allegations in the complaint, and the allegations as they pertain to liability are deemed true. Joe Hand Promotions, Inc. v. El Norteno Rest. Corp., 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. 2007). A default judgment entered on the well-pled allegations in the complaint establishes a defendant's liability. See Garden City Boxing Club, Inc. v. Morales, 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. 2005). The only question remaining, then, is whether Plaintiff has provided adequate support for the relief it seeks.

In determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of a default. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). These factors are: (1) whether the default was willful; (2) whether ignoring the

---

[1] The Court wishes to thank Attorney Like for his willingness to submit an Affidavit confirming these facts, and which also confirms that diversity jurisdiction is proper, because 58 VLIMP LLC has only a sole member, who is a Florida citizen. The Court appreciates the courtesy Attorney Like has extended both First Mercury and the Court, given his client's strategic decision to default as a nominal Defendant.

3

default would prejudice the adversary; and (3) whether a meritorious defense is presented. Id.

B. Plaintiff is Entitled to a Default Judgment

As to the first factor, the failure of Defendants to respond to the Complaint sufficiently demonstrates willfulness. See Gesualdi v. MMK Trucking, Inc., 09-CV-1484, 2010 WL 3619569, at *3 (E.D.N.Y. Aug. 24, 2010). Plaintiff has submitted affidavits of service to the Clerk of the Court demonstrating that, on October 5, 2010, it served the Summons and Complaint upon each Defendant. See Docket No. 3. Moreover, with respect to the nominal Defendants, 58 VLIMP, LLC and Steven Phillips, Attorney Lake's affidavit confirms that they timely received service of the Summons and Complaint, and do not dispute "proper notice and service of process in this action." Yet, as noted above, none of the Defendants have answered or responded in any way to the Complaint, nor did any of them request an extension of time to respond. Therefore, the record establishes that the Defendants have acting willfully, in failing to respond to the Complaint.

Next, the Court must consider whether Plaintiff would be prejudiced if its default judgment motion would be denied. Denying this motion would prejudice Plaintiff "as there are no additional steps available to secure relief in this Court."

Bridge Oil Ltd. v. Emerald Reefer Lines, LLC, 06-CV-14226, 2008 WL 5560868, at * 2 (S.D.N.Y. 2008).

Finally, the Court must consider whether each Defendant has a meritorious defense. The Court is unable to make a determination, because no Defendant has presented such a defense to the Court. Hence, where no defense has been presented and, "[w]here, as here, the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (internal citations and quotations omitted). The Complaint, the allegations of which are deemed admitted by each Defendant in light of its default, asserts a valid declaratory judgment claim. Specifically, the Complaint properly alleges that First Mercury owes no duty to defend or indemnify its insured, Scnabel, because the claimed damages relate to losses, conditions, or defects that pre-existed Schnabel's insurance agreement with First Mercury, and thus fall within contractual coverage exclusions.

As all three factors have been met, a default judgment is warranted. Consequently, Plaintiff's default judgment motion is GRANTED.

CONCLUSION

Plaintiff's motion to amend the caption is GRANTED. The Clerk of the Court is directed to change the name of Defendant "VLMP, LLC" to "58 VLIMP, LLC."

Plaintiff's motion for a default judgment is also GRANTED IN ITS ENTIRETY. The Clerk of the Court is directed to issue Plaintiff a declaratory judgment in its favor against each Defendant.

Plaintiff is directed to serve a copy of this Order upon each Defendant.

The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

/s/JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  11 , 2011
       Central Islip, New York